# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| U.S. Bank National Association,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Norfolk Country Inn LLC, Robert L. Pagan, )<br>and Michael Wieseler,  )<br>  )<br>    Defendants.  ) | **CHARGING ORDER**<br><br>Case No. 1:17-mc-002 |

_____

Before the Court is the Plaintiff U.S. Bank National Association's ("U.S. Bank") "Motion for Charging Order Against Judgment Debtor Robert L. Pagan's Transferable Interest in Rough Rider Motel Partners LLC" filed on August 29, 2017.

U.S. Bank obtained a judgment against Norfolk Country Inn, LLC ("Norfolk Country Inn"); Robert L. Pagan; and Michael Wieseler, jointly and severally, in the amount of $4,469,467.17, plus post-judgment interest at the rate of .52% per annum on July 19, 2016. See U.S. Bank National Association v. Norfolk Country Inn, LLC, Case No. 8:15-cv-299 (D. Neb. July 19, 2016). On May 15, 2017, U.S. Bank filed a certification of the Nebraska judgment and the judgment with the Court. See Docket Nos. 1 and 1-1. U.S. Bank then filed the pending motion on August 29, 2017, requesting the Court issue an order charging the transferrable interest of Pagan in Rough Rider Motel Partners LLC ("Rough Rider Motel Partners") to U.S. Bank pursuant to N.D.C.C. § 10-32.1-45. U.S. Bank provided Rough Rider Motel Partners and Pagan with notice of its motion for a charging order. See Docket Nos. 4 & 5.

Pursuant to N.D.C.C. § 10-32.1-45, the Court hereby **ORDERS** as follows:

1. Robert L. Pagan's financial interests in Rough Rider Motel Partners are hereby **CHARGED** with the above referenced judgment in favor of U.S. Bank, including post

judgment interest. Rough Rider Motel Partners are hereby directed to pay to U.S. Bank any and all financial interests due to Pagan as a result of his interests and rights in Rough Rider Motel Partners, with payments to continue until the full amount of the judgment held by U.S. Bank is satisfied. The purpose of this charge is to give U.S. Bank a lien interest over the referenced financial interests, subject to the limitations of N.D.C.C. § 10-32.1-45 and the specific terms of this order, to secure payment of the above referenced judgment and accrued interest.

2. While this order remains in effect, the Court reserves jurisdiction over this matter and the right to appoint a receiver and issue any other orders, directions, accountings, and inquires which are necessary and desirable for purposes of carrying out this charging order and obtaining satisfaction of the judgment referenced above.

3. The charge imposed by this order shall provide U.S. Bank the maximum priority allowed by law with respect to any claim by third parties with respect to the financial interest that are subject to this charge.

4. Rough Rider Motel Partners shall maintain a copy of this charging order as part of its financial records and provide a copy to any person seeking to make any claim against the referenced financial interests.

5. Rough Rider Motel Partners, its officers, and its members are hereby enjoined from making any financial distributions or payments relative to the financial interests of Pagan in Rough Rider Motel Partners that are inconsistent with this order.

6. This charging order does not deprive Pagan of any exemptions to which he may be entitled under law, on the condition he duly and properly claims and proves the existence and nature of such exemptions.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2017.

                                              _/s/ Daniel L. Hovland_
                                              Daniel L. Hovland, Chief Judge
                                              United States District Court